By the Court, Robertson, Ch. J.
The relief demanded in this action by the original complaint was three fold; the forfeiture of the lease by the defendant Christie, and damages for his violation of a covenant therein by him not to underlet the premises, as well as a prohibition against any future use of them in a certain specified manner. The supplemental complaint does not contain any demand for any relief. This action is not a substitute for an action of waste as allowed by the Code of Procedure, (§ 450,) in which both the land and damages can be recovered; because no injury to the demised premises or the reversion is set up, but only to the business of the plaintiffs in the same building.
The covenant for or against a particular use of the demised premises can, of course, be specifically enforced. (Steward v. Winters, 4 Sandf. Ch. 589. Howard v. Ellis, 4 Sandf. 369. Seymour v. McDonald, 4 Sand. Ch. 502.) But in this case there was no covenant limiting the use of the premises by the originallessee, but only by sub-lessees. Such sub-lessees are bound by tiie covenant, because it runs with the land. Possibly an injunction order might have been obtained before hand against sub-letting for the forbidden occupations if threatened. But after the sub-lease was executed, the plaintiffs were confined to damages for breach of covenant against Christie. No injunction lay against him for his_use .of the premises, and after he had parted with the right to the possession it would be useless. The injunction, therefore, was only proper against the sub-lessee in case the business intended to be conducted should prove “objectionable ” to the plaintiffs within the meaning *179 of the covenant in the lease. But' it is not necessary to discuss his liability, as he has not appealed. So far as the judgment covers any use by the defendant Christie of the premises, it is erroneous.
Although, of course, the defendant Christie is liable for nominal damages for breach of his covenant as to sub-letting without the consent of the plaintiff, it is not easy to lay down a rule of damages therefor, or for the sub-letting for an objectionable business, if he has done so. The sum of $75 is awarded for damages and loss of rent, in the judgment ; but for the rent of what does not appear. It could not be of the demised premises upon the ground of forfeiture, because, although mesne profits might be recovered for holding over after it, they must be recovered in a separate action. (Holmes v. Davis, 19 N. Y. Rep. 488.) The plaintiffs undertook to prove damages to themselves, not as reversioners of the demised premises, but as occupants of another part of the same building, and as carrying on therein a peculiar business; which is not referred to in the lease. The only objections they relied upon in evidence were, jirst, the diminution of their respectability by having a restaurant in the same building; second, the nuisance of the odors of cooking and of the eating, drinking and smoking therein, and, lastly, intercepting daylight from their windows by the passage of the bodies of persons in front, descending into the basement. There was no evidence offered of any loss even of contracts of insurance, or indeed of pecuniary loss, by the refusal of parties to deal with the plaintiffs on account of such restaurant. Indeed there is nothing before us from which to make even a conjectural estimate of damages, and the original complaint is entirely for breach of contract, not for a tort. The defendant Christie is not connected with any acts of his co-defendant charged in the supplemental complaint, and therefore no damages could be recovered against him therefor. The award of any thing but nominal damages against him in the judgment, was erroneous.
*180 It is so doubtful whether any prejudice of the business entered upon by the defendant Lyon to the mere peculiar business of-the plaintiffs, rendered the former objectionable within the meaning of the covenant in the lease as to make it a cause of forfeiture, that its consideration may be laid aside. If it were so, as the covenant runs with the land every subsequent grantee of the reversion might object to the business of any sub-lessee which interfered with his own, although it might not with that of the plaintiffs, and the prejudice might not depend even ( upon their being in the same building.
But as the premises were sub-let without any written consent of the-plaintiffs, the original lease became forfeited, unless the forfeiture was waived. The only waiver pretended is that set up in the supplemental answer, of the acceptance of rent due after the supposed forfeiture. But that was paid in satisfaction of the covenant, which is a contract, and not affected by a forfeiture of the land, which is a condition of the estate. Its obligation remains, although the relation of landlord and tenant is gone; and the receipt of rent voluntarily paid does not re-establish it; there is no unlawful act of the landlord done, which would defeat the claim for rent, but the forfeiture is produced by a failure of the tenant to do, what he was bound to perform. It was, besides, not for non-payment of rent; but for another cause. No one is prohibited from agreeing to forfeit an estate for a particular act or omission, and yet pay rent reserved, and Christie did that precisely in this case. (Hinsdale v. White, 6 Hill, 511.) He, in fact, agreed to pay the rent, not for an indefeasible estate, but for one liable to be defeated by his non-performance of his covenants.
None of the evidence objected to in this case related to the question of forfeiture; it all related to those issues on which a right to an injunction and damages depended. It is easy, therefore, to separate the facts found upon the strength of it, from those on which the right of forfeiture rests, as they are set out in tiie decision of the court. The *181 want of a written consent to underlet was admitted; the judgment of eviction was therefore proper; and neither such evidence nor any exceptions to the same affect it. It is unnecessary, therefore, to pass upon such exceptions, which affect only the question, of damages and the injunction, as to which the defendant Christie is entitled to have the judgment reversed or modified.
There was no evidence to connect the defendant Christie with the trespass set forth in the supplemental complaint, and he is therefore entitled to judgment on that issue. But the plaintiffs, upon the basis of an accidental finding of a fact which is contained in the decision of the court, although not put in issue by the pleadings, or sustained by any evidence, claim that the, defenüant Christie, under a separate (parol) agreement made between him and the plaintiffs, concurrently with the delivery of the lease, bound himself not to use the demised premises except for offices. If any such agreement was ever made, it could hardly have remained binding after the lease was executed; that demised the premises free from any restriction as to their use or enjoyment, except by sub-lessees of the defendant Christie, and then only as to the affixing of signs, or some other use “ objectionable ” to the plaintiffs, (whatever that meant,) the remedy for which was their dispossession in consequence of forfeiture of the lease thereby. There were also certain reservations in such lease, and a covenant for the surrender of the demised premises in good order at the end of the lease. It •would seem, therefore, that the parties had embodied in such lease all the restrictions upon the enjoyment or use of such premises, to which they had intended to agree, or which they required. And although a concurrent separate parol agreement upon matters not disposed of by a sealed instrument, and not interfering with rights thereby granted, may be enforced, yet it is extremely doubtful whether such an agreement as that supposed could interfere with the unlimited right of use and enjoyment of the premises conferred by the lease; and also whether the parties, not having *182 deemed it worth inserting in the more exact, durable, reliable and solemn written evidence of their compact, it is not to be classed among those preliminary understandings which are considered as merged in the final written contract. The enforcement of specific performance of such a collateral loose agreement would be of still more doubtful propriety.
But such agreement, if made, would not authorize an injunction against the defendant Christie after (as in this case) he had sub-let the premises to others. If their use of it was imputable to him, as his, under such an agreement, an injunction against him could not reach his sub-lessees', and it was therefore entirely nugatory. It would have been a mere personal contract resting in damages after the defendant Christie parted .with the right of possession of the premises, and his sub-lessee or assignee could not be enjoined from a use, of the restriction upon which, they knew nothing.
As, however, I have already stated, no agreement of the kind found appears in the pleadings. The complaint merely alleges that the defendant Christie, when taking the lease, proposed to use the premises for offices and actually fitted them as such. This is far different from an agreement never to use them for any such purpose, and created no obligation; and there is no pretense of any fraudulent representation. Even that statement, however, is controverted in the defendant’s answer, and no evidence of it or of the supposed agreement, as found in the decision, was offered on the trial. The only reference to offices, in the evidence, is that in the testimony of the president of the plaintiffs, (Brokaw,) who testified that the defendant Christie used the premises as offices. Although such injunction may not have caused any damage, it should not be retained.'
There was no evidence in the case that the defendant Christie excluded the plaintiffs from the use of the furnace. Their right to such use was a mere reservation in the lease, and those who interfered with it were, of course, liable as trespassers.
*183 In order to avoid all questions as to the power of the court to modify the judgment as rendered, it must be reversed, and a new triaTkad, unless the plaintiffs consent to a modification of it by reducing the damages against the defendant Christie to a nominal sum, striking out the continuance of the injunction against him as to the use of the premises, giving judgment in his favor on the supplemental complaint, and striking out the costs against him, as he succeeded on one issue. In such case it may be so modified, without costs of the appeal to either party.